### Amanda C. Caldwell et al. v. Antonie Ellebrecht.

1. FORECLOSURE—*Of Trust Deed on Default of the Payment of Interest and Taxes.*—The foreclosure of a trust deed for a default in the payment of interest and taxes before the maturity of the principal sum secured, is sustained in this case.

Foreclosure, of trust deed. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in

this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

ELMER W. ADKINSON, attorney for appellants.

PARKE E. SIMMONS, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In this case a bill to foreclose a trust deed in the nature of a mortgage was filed by the appellee against the appellants, who were the makers of the trust deed and of the notes secured thereby. The principal note for five thousand dollars had not by its terms matured when the bill was filed, but there had been a default in the payment of a small amount of interest due upon one of the interest coupons for more than thirty days, and there had been also a default in the payment of taxes for the year 1894, and appellee had paid them, and before the bill was filed a further default had occurred in the payment of an interest coupon which matured two days previous thereto. The trust deed provided that in case of a default for thirty days in the payment of interest, or of taxes, the whole of both principal and interest should, at the election of appellee as holder of the notes, become at once due and payable, and it was in pursuance of such conferred power that appellee elected, because of the defaults that had been made for more than thirty days, to declare the whole sums due and payable.

All of such matters were found and reported by the master to whom the cause was referred, and his report was confirmed in all respects, except that his allowance of $250 for solicitor's fees was cut down to $150, and a decree accordingly was entered.

We can not take time to consider at length the inequity urged by the appellants in permitting appellee to declare the whole sum to be due and payable, for the default in the payment of a small part of an interest note, upon which payments in installments had been made and accepted.

Such inequity would have been more striking if the appellants had paid the taxes upon the premises when they became due, and had not defaulted, although but for two days, in the payment of another interest note which fell due before the bill was filed.

The covenant of appellants was not only to pay the interest notes in full at maturity, but was also to pay the taxes when they became due and payable, and if they were not paid by appellants before the commencement of the annual tax sale, the appellee was empowered, at his option, to pay the same, and the amount so paid should thereupon become so much additional indebtedness secured by the trust deed.

We may take notice that under the laws of this State, taxes upon realty are due and payable on (or before) May first in each year, and it was shown that the taxes in question were paid by appellee on the day the bill was filed, on August 10, 1895, and that the tax sale was then in progress.

It was also made to appear that after the bill had been filed, the appellants might have adjusted the matter with appellee's agent by paying the interest, taxes and costs, with one hundred dollars solicitor's fees. But appellants refusing to pay the solicitor's fee that was demanded, the adjustment was not made. The trust deed provided for the payment of a solicitor's fee, and under the law a reasonable one is allowable, when so provided. We are not at liberty to substitute our own judgment for that of the master and the chancellor, and say that the demand for one hundred dollars as a solicitor's fee at that stage of the suit was so unreasonable as to justify a reversal of the decree.

Upon the record as made the decree must stand, and it is affirmed.